UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-22621-CIV-MORENO**

MARIO ECHEVARRIA,

      Plaintiff,

vs.

EXPEDIA, INC., HOTELS.COM L.P.,
HOTELS.COM GP, LLC, and ORBITZ, LLC,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF FRANK NARDOZZA

THIS CAUSE came before the Court upon Defendants' Motion to Exclude Testimony of Frank Nardozza **(D.E. 240)**. THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendants move to exclude the testimony of Frank Nardozza, who performed a valuation of three properties at issue in this case. The subject properties are located on the Cayo Coco island and have operating hotels on them. Defendants claim that Nardozza calculated the "economic fair value" of the properties including the value of the three hotels, and did not limit his calculation to the current value of the underlying real property (i.e. the land) allegedly confiscated by the Castro regime. Their argument is that Nardozza's opinion on the valuation of the improved properties with the hotels is not based on the correct measure of damages under the Helms-Burton Act. At issue in the motion is what is the correct measure of damages under Helms-Burton and is Nardozza's opinion relevant to that measure.

Helms-Burton provides for money damages in "the amount which is the greater of – the

fair market value of that property, calculated as being either the current value of the property, or the value of the property when confiscated plus interest, whichever is greater[.]" 22 U.S.C. § 6082(a)(1)(A)(iii). The plain language of the statute supports the finding that the correct measure of damages includes improvements on the confiscated property in contravention of Defendants' position. Under the Act's plain language, damages are calculated as being the current value of the property. In his expert report, Nardozza opines on that – the current fair market value of the properties, which, of course, includes improvements. The damages provision of the statute leaves no doubt that "Congress authorized the common law concept of fair market value" as a measure of damages. *Havana Docks Corp. v. Carnival Corp.,* No. 19-21724, 2022 WL 1642756, at *12 (S.D. Fla. Apr. 1, 2022). Had Congress adopted Defendants' limited reading, it would not have defined the measure of damages as the *current* value, especially given the passage of time since the Cuban confiscations, which creates a likelihood of improvements and changed conditions.

Moreover, at the time of Helms-Burton's enactment in 1996, "fair market value was an established common law principle" used "as a standard for determining the 'price' of property." *Id.* (quoting *In re Mahoney*, 251 B.R. 748, 755 (S.D. Fla. 2000)). In discussing the fair market value of property in the takings context, the Supreme Court emphasized that courts must consider "[t]he highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future[.]" *Olson v. United States*, 292 U.S. 246, 255 (1934). "Because a reasonable buyer 'will purchase land with an eye to not only its existing use but to other potential uses as well,' fair market value 'includes any additional market value it may command because of the prospects for developing it to the 'highest and best use' for which it is suitable." *United States v. Easements and Rights-of-Way Over a Total of 15.66 Acres of Land*, 779 F. App'x 578, 581 (11th Cir. 2019) (quoting *United States v. 320.0 Acres of Land, More or Less*

*in Monroe Cnty.*, 605 F.2d 762, 781 (5th Cir. 1979)). Nardozza's opinion, here, is not even based on another potentially higher use. Rather, he opines on the fair market value based on the current existing use of the properties as hotels. Certainly, his opinion as to current value based on the existing use is consistent with the definition of fair market value under *Olson* and *15.66 Acres of Land*.

To support their position, Defendants also rely on language from *Havana Docks* that states "Plaintiff [may] attempt to recover only the amount of compensation for its interests in the Subject Property that were confiscated." *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Inc.*, 454 F. Supp. 3d 1259, 1278 (S.D. Fla. 2020). That language also does not serve the limited reading of the statute that Defendants request this Court embrace. Rather, the *Havana Docks* plaintiff acknowledged that it did not own the property in fee simple and the court was determining the difference between recovering for fee simple rights versus a leasehold under the Act. The language merely clarified that "[a]ny recovery for the trafficking alleged in this action would not . . .entitle Plaintiff to recover compensation for an interest in the Subject Property that it did not own, nor would it effectively treat Havana Docks' interest as a fee simple interest." *Id.*

Accordingly, the Court denies the motion and will allow Mr. Nardozza to testify as to his opinion. Of course, the Defendants may cross-examine the witness as to his qualifications and methodologies.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th of February 2025.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record