UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-22621-CIV-MORENO**

MARIO ECHEVARRIA,

      Plaintiff,

vs.

EXPEDIA, INC., HOTELS.COM L.P.,
HOTELS.COM GP, LLC, and ORBITZ, LLC,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF AVELINO GONZALEZ

THIS CAUSE came before the Court upon Defendants' Motion to Exclude Testimony of Avelino Gonzalez **(D.E. 267)**. THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendants seek to exclude the testimony of Avelino Gonzalez, Plaintiff's expert in Cuban law. Federal Rule of Civil Procedure 44.1 provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." When determining issues of foreign law, the Court is not limited to the evidence submitted by the parties and the Court may conduct its own research. *See Daniel Lumber Co. v. Empresas Hondurenas, S.A.*, 215 F.2d 465, 469 (5th Cir. 1954). Courts often consider testimony from experts on foreign law about the specific legal questions at issue in the case. *Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.*, 625 F. Supp. 2d 1198, 1227-29 (S.D. Fla. 2008).

Defendants first challenge Gonzalez's testimony by arguing that Plaintiff improperly relies

on the expert's opinions to prove facts in dispute and that Gonzalez lacks personal knowledge as to those facts. Defendants also argue that Gonzalez relies on inadmissible hearsay to form his opinions on how the Plaintiff inherited his claim to ownership. A review of the record shows that Gonzalez relied on various documents dating over a century to establish the transfer of the properties at issue to the Plaintiff in this case. Some of these documents were filed as notarized property records in Cuba. Gonzalez also relies on a history book on Cayo Coco to corroborate the documents and the testimony of family members regarding ownership and the confiscation. Gonzalez also cites to provisions of the Cuban Civil Code to support his conclusions about the ownership of Cayo Coco.  The Court finds that Gonzalez's testimony relying on foreign legal material, historical accounts from family members, and various documents is admissible as the only limitation under Rule 44.1 is relevancy. Of course, Defendants are free at trial to cross-examine Gonzalez and make appropriate objections to his testimony.

     Defendants also object that Gonzalez cannot opine on the application of Cuban law to this case. A court, however, may permit testimony from a foreign law expert involving the application of foreign law to the facts of the case. *See Schultz v. Royal Caribbean Cruises, Ltd.*, No. 18-24023, 2020 WL 3035234, at *4-5 (S.D. Fla. June 5, 2020) ("The purpose of Rule 44.1 is to provide district courts faced with the 'peculiar nature of the issue of foreign law' the flexibility necessary to examine and weigh materials regarding foreign law as they see fit in light of the facts and circumstances.") (quoting *Castillo v. Cessna Aircraft Co.*, No. 08-21850, 2010 WL 11505745, at *3 (S.D. Fla. July 22, 2010)).

     The next issue raised in the motion in limine is whether Gonzalez's testimony invades the province of the jury. First, the Court notes that the determination of foreign law is for the Court and not the jury. *Id.* In any event, it is unnecessary at this juncture for the Court to decide the

parameters of Gonzalez's testimony. The Court is currently reviewing the parties' motions for summary judgment, which will frame the relevant issues for trial. "For the Court to make those decisions here, separate for its summary judgment analysis, would be premature, disjointed, and inefficient." *See Havana Docks Corp. v. Carnival Corp.*, No. 19-21724, 2021 WL 6066125, *4 (S.D. Fla. Dec. 3, 2021). Should the Court decide that the case proceeds to trial following its summary judgment review, it will identify the surviving legal and factual issues and will determine what weight to afford the parties' expert witnesses' opinions on foreign law. *Adria MM Prods. v. Worldwide Entm't Grp., Inc.*, No. 17-21603, 2018 WL 6505914, at *2 (S.D. Fla. Aug. 27, 2018).

Finally, Defendants argue that Gonzalez's testimony is based on improper, unreliable facts and violates Federal Rule of Evidence 703. Defendants argue that Gonzalez's reliance on the history book is unreliable on its face and hearsay. As noted, however, Federal Rule of Evidence 703 does not apply to experts on foreign law, which are governed by Federal Rule of Evidence 44.1. Courts in this district have consistently held that a court may consider a foreign expert report "under Rule 44.1, notwithstanding a finding that the report would not satisfy Fed. R. Evid. 702 or *Daubert*." *Adria MM Prods. Ltd.*, 2018 WL 6505914, at *2; *see also Trinidad Foundry & Fabricating, Ltd. v. MV K.A.S. Camilla*, 966 F.2d 613, 615 (11th Cir. 1992) ("When analyzing foreign law, the district court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."). As a foreign law expert, Gonzalez is free to rely on the history book, and of course, Defendants may cross-examine him on the contents and raise proper objections before the Court.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th of February 2025.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record