UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-22620-FAM

**Mario Echevarria**, **Esther Sanchez**,
**Consuelo Cuevas**, and **Carmen Florido**,

       Plaintiffs,

v.

**Expedia Group, Inc.**, **Hotels.com L.P.**,
**Hotels.com GP, LLC**, **Orbitz, LLC**,

       Defendants.

*Consolidated with*

Case No. 1:19-cv-22621-FAM

**Mario Echevarria**, individually and on behalf
of all other similarly situated,

       Plaintiff,

v.

**Expedia Group, Inc.**, **Hotels.com L.P.**,
**Hotels.com GP, LLC**, **Orbitz, LLC**,

       Defendants.

### DEFENDANTS' TRIAL BRIEF REGARDING
### THE ADMISSIBILITY OF ANCIENT DOCUMENTS

During the testimony of Julio Echevarria, a nephew of Plaintiff Mario Echevarria, Plaintiff intends to offer into evidence fourteen documents relating to his family's claimed ownership of Cayo Coco that he contends are admissible as ancient documents. This brief will discuss the requirements for admissibility of ancient documents and explain why Plaintiff cannot satisfy the requirements for admissibility of the documents.

The ancient document exception and the admissibility of these fourteen documents are also discussed in Defendants' Supplemental Motion in Limine and Defendants' Reply in Support of their Supplemental Motions in Limine. (*See* 22620-430, & 22621-434; *see also* ECF Nos. 22620-448, 22621-452.) Those pleadings discuss additional objections to the documents, including that they are not relevant to Plaintiff's ownership of Cayo Coco, and any probative value they may have (which is none) is substantially outweighed by a danger of confusing the issues or misleading the jury. Fed. R. Evid. 403

A.  <u>Standards for admissibility of ancient documents.</u>

Rule 803(16) is a hearsay exception for "Statements in Ancient Documents." That exception applies to "[a] statement in a document that was prepared before January 1, 1998, and whose authenticity is established." Fed. R. Evid. 803(16). To authenticate a document as ancient, the proponent must present evidence that the document "is in a condition that creates no suspicion about its authenticity"; "was in a place where, if authentic, it would likely be"; and "is at least 20 years old when offered." Fed. R. Evid. 901(b)(8).

In addition to the authenticity requirement, the proponent of an ancient document must establish a separate hearsay exception for the multiple layers of hearsay within a document. *See United States v. Bronislaw Hajda*, 135 F.3d 439, 444 (7th Cir. 1998) ("If the [ancient] document contains more than one level of hearsay, an appropriate exception must be found for each level."); *see In re Chiquita Brands Int'l, Inc. Alien Torts Statute & S'holder Derivative Litig.*, No. 07-60821-CIV, 2022 WL 18957608, at *28 (S.D. Fla. Dec. 15, 2022) ("Rule 803(16)…does not justify the admission of double hearsay merely because of its presence in an ancient document." (cleaned up)).

To be admissible, therefore, the ancient documents Plaintiffs proffer: (1) must be authenticated pursuant to Rule 901(b)(8), and (2) any hearsay with hearsay must come within an appropriate hearsay exception. Many, if not all, of Plaintiff's fourteen ancient documents do not satisfy either standard.

B.  <u>The ancient documents at issue.</u>

The documents Plaintiff seeks to offer reflect various dates from August 1911 to July 1959, with one document dated as late as 1995. The exhibits include Plaintiff's Exhibits PLA0001, PLA0004, PLA0010, PLA0011, PLA0012, PLA0013, PLA0055, PLA0057, PLA0066, PLA0068, PLA1017, PLA1088, PLA1089, and PLA1090. These exhibits do not satisfy the requirements for admissibility of ancient documents, and the Court should exclude them from evidence.

First, Plaintiff cannot authenticate the documents. Plaintiff has offered conflicting stories over time about how he came into possession of the documents, including particularly PLA0001, PLA0004, PLA0010, PLA0011, PLA0012, PLA0013, PLA0055, PLA0057, and PLA0066. Julio

2

Echevarria, Plaintiff's nephew, testified in his deposition that he received the documents from his now-deceased father and gave all of the documents he had to Plaintiff in 2019. (*See* 22620-430, & 22621-434, at **Ex. N**, J. Echevarria Dep. 12:8-14 (Q: "When did you give him those documents that you referred to?" A: "In 2019." Q: "And did you give him all documents that you had in your possession related to your family's claims to Cayo Coco?" A: "Completely. All of them.").) In a declaration executed shortly after his deposition, Julio Echevarria swore that he "recall[s] providing some documents to my uncle, Mario Echevarria, in 2019," but then in February 2024, he "provided pictures to counsel of other documents that I had in my possession" and that the "documents that I provided to counsel in 2024 were continuously in my possession, and I had never previously provided them to Mario Echevarria." (*Id.*, at **Ex. Q**, Ex. D-158 ¶5, 6, 8.) But Plaintiff testified in his deposition that some of the documents were "brought over to me from Cuba" twenty or thirty years ago by a "messenger" that Plaintiff sent to "bring [him] over what was left." (*Id.*, at **Ex. G**, M. Echevarría Dep. 50:11-51:3.) There is no witness with personal knowledge who can authenticate the documents, and the shifting story of where the documents came from negates any effort to demonstrate that they were "in a condition that creates no suspicion about its authenticity" and "in a place where, if authentic, it would likely be." Fed. R. Evid. 901(b)(8). The utter lack of authentication renders all of the ancient documents inadmissible.

Viewing the documents individually likewise confirms that they are inadmissible, both for lack of authentication and because many of the documents contain hearsay within hearsay for which there is no applicable exception.

For example, the fourteen documents include four letters dated 1947 and 1948 from an attorney, Augusto Venegas, to Carmen Cuevas and to "Oil Company La Estrella De Cuba S.A." PLA0013, PLA1088, PLA1089, PLA1090. Plaintiff has no witness with personal knowledge who can authenticate them. *See* Fed. R. Evid. 901(b)(1). And Plaintiff cannot show that the letters are "in a condition that creates no suspicion about its authenticity" and were found "in a place where, if authentic, it would likely be." Fed. R. Evid. 901(b)(8). Even if Plaintiff could satisfy these authenticity requirements (he can't), these letters contain hearsay within hearsay, including statements from other individuals that the letters' author relays. For example, PLA1089 includes statements by the letter's author purporting to relay statements by a third party. There is no applicable exception applicable to that hearsay within hearsay.

C. <u>The fourteen documents are not self-authenticating.</u>

The fourteen documents are not self-authenticating under Rule 902(3). Rule 902(3) renders "Foreign Public Documents" self-authenticating when the document (1) "purports to be signed or attested by a person who is authorized by a foreign country's law to do so" and (2) is "accompanied by a final certification that certifies the genuineness of the signature and official position of the

signer or attester—or of any foreign official whose certificate of genuineness relates to the signature or attestation or is in a chain of certificates of genuineness relating to the signature or attestation." Fed. R. Evid. 903(3). The "certification may be made by a secretary of a United States embassy or legation; by a consul general, vice consul, or consular agent of the United States; or by a diplomatic or consular official of the foreign country assigned or accredited to the United States." *Id.* However, if "all parties have been given a reasonable opportunity to investigate the document's authenticity and accuracy, the court may, for good cause, either: (A) order that it be treated as presumptively authentic without final certification; or (B) allow it to be evidenced by an attested summary with or without final certification." *Id.* In short, the foreign document must be both signed or attested to by a person authorized under foreign law to do so and (except for good cause) contain another final certification of genuineness. The fourteen documents do not contain any such indicia of genuineness; therefore, Rule 902(3) does not apply.

Rule 902(8) is the provision for "Acknowledged Documents." It renders a document self-authenticating when the document is "accompanied by a certificate of acknowledgement that is lawfully executed by a notary public or another officer who is authorized to take acknowledgements." Many of these documents contain no such acknowledgment.

D.  <u>The residual hearsay exception does not support admission of Plaintiff's ancient documents.</u>

Under Rule 807(a), a hearsay statement that is not admissible under an exception in Rules 803 or 804 is nevertheless admissible if "(1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). The Eleventh Circuit has emphasized that the residual hearsay rule "asks not simply for circumstantial guarantees of trustworthiness, *but for guarantees that are equivalent in significance to the specific hearsay exceptions enumerated in the Federal Rules of Evidence* 803 and 804. Therefore, such guarantees must be equivalent to cross-examined former testimony, statements under a belief of impending death, statements against interest, and statements of personal or family history." *Rivers v. United States*, 777 F.3d 1306, 1314 (11th Cir. 2015) (emphasis added) (quotations omitted). The residual hearsay exception is "rarely invoked, and only in exceptional circumstances" and the "proponent of a statement, citing the residual exception, bears a heavy burden." *ADT LLC v. Alarm Prot. LLC*, No. 9:15-CV-80073, 2017 WL 1952302, at *1 (S.D. Fla. May 11, 2017) (citations omitted).

Here, PLA1088, PLA1089, and PLA1090 are letters purportedly sent by an attorney to an oil company related to negotiations of an apparent settlement or agreement that the "estate of Julian Cuevas" and the oil company were trying to reach. Further, PLA0013 is apparently a letter from the same attorney updating Carmen Cuevas, Plaintiff's great-aunt, on the status of the

4

negotiations related to that same company. These letters were all drafted by an attorney—an advocate—and conveyed his or his client's positions on the matter at issue. There are no "sufficient guarantees of trustworthiness" for these letters, much less any guarantees "equivalent to cross-examined former testimony" or the like. *Rivers*, 777 F.3d at 1314. Plaintiff cannot meet his "heavy burden" to show that Rule 807's exception applies to those letters.

Also among the fourteen documents is an unexecuted lease agreement, dated February 1, 1953, purportedly between "Ms. Carmen M. Cuevas Angulo" "on behalf of the estate of Julian Cuevas Angulo" and "Mr. Santiago Sanchez Martinez." (PLA1017.) The Court should exclude this document because neither Plaintiff nor Maura Concepcion Sanchez can authenticate it and it is thus inadmissible hearsay. Ms. Sanchez may be able to testify where she found this document, but she has no personal knowledge of this document that was allegedly created in 1953 because she was not even born when it was allegedly created. Further, when asked whether there is a signed version of this unsigned lease, she testified that: "It must exist, but I have not seen it." (*See* 22620-430, & 22621-434, at **Ex. F**, M. Sanchez Dep. 79:16-19) In short, Ms. Sanchez lacks the personal knowledge necessary to testify as a "witness with knowledge" to authenticate this lease under Rule 901(b)(1). The "Ancient Document" exception in Rule 803(16) does not apply because, again, Plaintiff cannot show that this unsigned lease is authentic under Rule 901(b)(8). *See United States v. Bradford*, 748 Fed. Appx. 217, 219 (11th Cir. 2018) (affirming district court's decision to exclude a document offered under the ancient records exception where the document that purported to convey a property right was "unsigned and undated," "not recorded," and there was "no testimony evincing that the writing accurately reflected [an] intent to convey a property right").

## CONCLUSION

Authentication is a mandatory requirement for admissibility of evidence under the Federal Rules. It is often not contested in litigation, but in a case like this—involving a grab-bag of documents, sometimes unsigned, and shifting stories about how and where they were found and what the documents actually are—authentication is critical. Plaintiff has the affirmative burden to prove that the fourteen ancient documents are what he says they are, and he cannot meet that burden.

Defendants do not have any reason to doubt that the documents are authentic. But nor do Defendants have any reason to doubt that the documents are not authentic. Plaintiff must meet that burden and prove their authenticity, and he cannot do so. For these reasons and the reasons further discussed in Defendants' Supplemental Motion in Limine, the Court should exclude the fourteen ancient documents from evidence.

Dated: April 8, 2025

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: _/s/ David D. Shank_

    David D. Shank (*pro hac vice*)
    Texas Bar No. 24075056
    dshank@scottdoug.com
    Cheryl Joseph LaFond (*pro hac vice*)
    Texas Bar No. 24104015
    clafond@scottdoug.com
    Santosh Aravind (*pro hac vice*)
    Texas Bar No. 24095052
    saravind@scottdoug.com
    Stephen Burbank (*pro hac vice*)
    Texas Bar No. 24109672
    sburbank@scottdoug.com
    Rebecca Jahnke (*pro hac vice*)
    Texas Bar No. 24129982
    bjahnke@scottdoug.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
(305) 374-5600 Telephone
(305) 349-4656 Facsimile

    *s/Lorayne Perez*

By:
    Lorayne Perez
    Florida Bar No. 085265
    lorayne.perez@akerman.com

*Attorneys for Defendants Expedia Group, Inc., Hotels.com, L.P., Hotels.com GP, LLC, and Orbitz, LLC*

4905-3038-1363